IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00414-WDM-BNB

UNITED STATES OF AMERICA, ex rel WAYNE ROWE,

Plaintiff,

v.

GORDON P. RHEAUME, D.P.M.,
STANLEY C. RHEAUME, D.P.M., P.C., and
MARABETH JOHNSON,

Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

By an Order [Doc. # 15, filed 1/15/2010] I set this matter for a scheduling conference to occur on March 11, 2010, at 9:00 a.m. The plaintiff, who is proceeding *pro se*, failed to appear at the scheduling conference or to contact the court at the time of the conference.[1]

After the plaintiff failed to appear for the scheduling conference, I entered an Order to Show Cause [Doc. # 24, filed 3/11/2010] commanding the plaintiff to show cause, in writing and on or before March 25, 2010, why the case should not be dismissed for lack of prosecution and failure to comply with my order setting the scheduling conference. The Order to Show Cause quoted D.C.COLO.LCivR 41.1, which provides:

---

[1] The plaintiff did send an e-mail directly to my chambers, in violation of D.C.COLO.LCivR 77.2, which I struck. Order [Doc. # 23, filed 3/9/2010]. In addition, he called my administrative assistant on March 10, 2010, to inquire about the status of the e-mail. The plaintiff was informed that the scheduling conference had not been vacated and would proceed on March 11, 2010, as scheduled.

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

Order to Show Cause [Doc. # 24] at p. 1. The plaintiff also was warned that his failure to respond to the Order or to Show Cause could result in a recommendation that the case be dismissed. Id. at p. 2.

The plaintiff has failed to respond to the Order to Show Cause and has failed, within the time allowed, to show cause why the case should not be dismissed for lack of prosecution and failure to comply with my order setting the scheduling conference

Moreover, the Complaint asserts claims under the *qui tam* provisions of the False Claims Act, 31 U.S.C. §§ 3729, *et seq*. The False Claims Act authorizes private individuals to bring a civil action on behalf of the individual and the United States Government to recover damages for frauds perpetrated against the United States. 31 U.S.C. § 3730. In this case, the United States has declined to intervene in the action. Government's Notice of Election to Decline Intervention [Doc. # 11, filed 1/4/2010].

Because the plaintiff in this *qui tam* action purports to represent the interests of the United States, he may not proceed *pro se*. 28 U.S.C. § 1654; U.S. ex rel. Mergent Services v. Flaherty, 540 F.3d 89, 93-94 (2d Cir. 2008). As the court explained in Flaherty:

> While relators indisputably have a stake in the outcome of False Claims Act *qui tam* cases that they initiate, the Government remains the real party in interest in any such action. As we have explained:
>
> "All of the acts that make a person liable under the False Claims

Act focus on the use of fraud to secure payment from the government. It is the government that has been injured by the presentation of such claims; it is in the government's name that the action must be brought; it is the government's injury that provides the measure for the damages that are to be trebled; and it is the government that must receive the lion's share--at least 70%--of any recovery. In considering the issue of relator standing, the Supreme Court determined that a relator's interest in a *qui tam* suit is one as the "partial assignee" of the claims of the United States but observed that the injury, and therefore, the right to bring the claim belongs to the United States. In short, while the False Claims Act permits relators to control the False Claims Act litigation, the claim itself belongs to the United States. Accordingly, as the United States remains the real party in interest in *qui tam* actions, the case, albeit controlled and litigated by the relator, is not the relator's own case as required by 28 U.S.C. § 1654, nor one in which he has an interest personal to him. Because relators lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are not entitled to proceed *pro se*."

Our holding is in accord with all of the circuits that have considered the issue. See Timson v. Sampson, 518 F.3d 870, 873-74 (11th Cir.2008) (per curiam); Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1126-28 (9th Cir.2007); United States ex rel. Lu v. Ou, 368 F.3d 773, 775-76 (7th Cir.2004); United States v. Onan, 190 F.2d 1, 6-7 (8th Cir.1951). While we reach this conclusion as a matter of statutory construction, we are also sympathetic to some of the other concerns voiced by these courts, in particular that the United States might become bound by res judicata or collateral estoppel as a result of the actions of a *pro se* in bringing and losing a *qui tam* action. This concern serves only to bolster our belief that Congress could not have intended to authorize a layman to carry on such suit as attorney for the United States but must have had in mind that such a suit would be carried on in accordance with the established procedure which requires that only one licensed to practice law may conduct proceedings in court for anyone other than himself.

Id. (internal quotations and citations omitted except as noted).

I find first that the plaintiff has abandoned this action. In addition, he may not proceed *pro se*. For these reasons:

I respectfully RECOMMEND that the action be DISMISSED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated March 31, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge